

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

November 28, 1951

Hon. J. W. Edgar
Commissioner of Education
Texas Education Agency
Austin, Texas

Opinion No. V-1356

Re: Authority of a munic-
ipally controlled in-
dependent school dis-
trict to compensate
the city or the city
tax assessor-collector
for assessing and col-
lecting the district's
taxes.

Dear Sir:

We refer to your request for an opinion of this office concerning the authority of a municipally controlled independent school district to compensate the city or the office of the city assessor-collector for the assessing and collecting of school taxes for its school district, under the provisions of Articles 2791 and 2792, V.C.S.

The following facts are stated in your request. The Marshall Independent School District is a municipally controlled district. For many years the boundaries of the Marshall Independent School District were identical with the corporate limits of the city of Marshall, but several years ago the city of Marshall extended its city limits for school purposes only under the provisions of Article 2803, V.C.S. The city of Marshall has a city assessor-collector of taxes who has assessed and collected taxes each year for both the city and the school district. Due to the extension of the city limits for school purposes only, the duties imposed upon the city assessor-collector of taxes have been tremendously increased and for this reason the Board of Trustees of the Marshall Independent School District would, if possible, like to expend school funds to assist the city of Marshall in the assessment and collection of school taxes.

On the basis of these facts, you submit the following questions:

"1. Is Article 2791 applicable to a municipally controlled independent school district such as the Marshall Independent School District?

"2. Does the Board of Trustees of the Marshall Independent School District have the authority to contract with the city of Marshall under the provisions of Article 2792?"

In Attorney General's Opinion V-898 (1949) this office had occasion to consider the status of the Marshall Independent School District. That opinion held that a municipally controlled school district which extends its boundaries for school purposes only, under the provisions of Article 2803, V.C.S., maintains its character as a city controlled school district subject to the laws appertaining specifically to municipally controlled school districts. Hayes v. City of Beaumont, 190 S.W.2d 835 (Tex. Civ. App. 1945, error ref. w.o.m.).

In a letter opinion addressed to County Attorney Carroll E. Sullivant, Cooke County, dated August 23, 1950, this office advised that Articles 2791 and 2792 have no application to municipally controlled independent school districts; that Articles 2802 and 2803, V.C.S., specifically govern such municipal districts with respect to its assessor and collector of taxes. See Att'y Gen. Op. 0-2687 (1940).

Article 2802 provides in part as follows:

"In an independent school district constituted of a city or town having a city assessor and collector of taxes, such assessor and collector of taxes shall assess and collect the taxes for school purposes; provided, that in a city or town having an assessor and collector of taxes, the levy of taxes for school purposes shall be based upon the same assessment of property upon which the levy for other city purposes is based. In such a city or town, the assessor and collector

Hon. J. W. Edgar, page 3 (V-1356)

of taxes shall receive no other compensation for collecting school taxes than the compensation paid him for assessing and collecting city taxes; . . ."

Article 2803 provides:

". . . The property of the added territory shall bear its pro rata part of all school taxes, but of no other taxes. . . . The officers whose duty it is to assess and collect taxes within the city limits shall also assess and collect school taxes within the territory added for school purposes as herein provided."

These statutes specifically require that the school taxes of a city controlled school district, to which territory has been added for school purposes only, shall be assessed and collected by the city tax assessor-collector. They make no provision for compensation to that officer or to the city out of the school district's funds for the additional duties imposed thereunder.

Accordingly, we agree with you that the Board of Trustees of the Marshall Independent School District is not authorized under Articles 2791 and 2792 to contract with the city of Marshall for the payment of the city or the office of the city tax assessor-collector for the assessing and collecting of the school taxes for the district. Nor do we find any other statute authorizing a municipally controlled school district to use its school funds for that purpose.

SUMMARY

Articles 2791 and 2792, V.C.S., have no application to municipally controlled independent school districts. Articles 2802 and 2803, V.C.S., impose the duty on the city tax assessor-collector to assess and collect the taxes of a city controlled school district, and the district may not use its school funds to compensate the city

or the assessor-collector for these
services.

APPROVED:                          Yours very truly,

J. C. Davis, Jr.                     PRICE DANIEL
County Affairs Division           Attorney General

Jesse P. Luton, Jr.
Reviewing Assistant

Charles D. Mathews             By *Chester E. Ollison*
First Assistant                        Chester E. Ollison
                                                      Assistant

CEO:mh